## THE SCHOONER SOUTHRON *vs.* O'RILEY.

1. The courts of this State can proceed by admiralty process to enforce the collection of such debts only as constitute a lien on the vessel; and if the debt creates no lien, or if has been lost or discharged, the court has no jurisdiction to proceed.

2. Under the decisions of this State, the court may look to the items of the account attached to the libel, to determine whether they constitute a lien on the vessel.

3. But when the libel shows that the entire debt constitutes a lien on the vessel, and the account attached may be construed consistently with the libel, the Appellate Court will not, especially after a final decree, construe the account in such a manner as to infer that the debt, or any part of it, does not constitute a lien on the vessel.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

James O'Riley filed a libel in the City Court of Mobile against the Schooner Southron, in which he alleged that, at the instance of the master, the libellant did, within the six months last preceding, work and labor as a shipwright in repairing and rebuilding said schooner, and did furnish materials to the amount of four hundred and fifty-six dollars, and that said work was done in the State of Alabama. Annexed to the libel is a statement of the account, as follows;

" The Schooner Southron and Owners,

To James O'Riley, Dr.

To eleven months and eight days work and labor
    done on board said Southron, at the monthly
    wages of forty dollars per month,  -  -   $456 00"

Upon this libel process of seizure was issued, under which the sheriff attached the schooner. James Lombard, the master of the vessel, and Patrick O'Bryan and O. S. Jewett, gave bond conditioned to pay the judgment that should be rendered on said libel, and the vessel was released. Patrick O'Bryan intervened, and claimed the vessel, and, by way of answer, denied that the facts stated in the libel entitled the libellant to relief.

Upon the trial the court, holding the libel sufficient, decreed in favor of the libellant the sum of two hundred and seventy-five dollars, and rendered judgment against the stipulators for that amount.

O. S. JEWETT, for plaintiff in error:

The statutes of 1824 and 1836 are to be construed in *pari materia*, both containing operative ·provisions, and forming one system. Richardson v. Cleaveland, 5 P. 252; and the act of 1848 is not intended to repeal either. S. George v. Skates, et al., last term.

The account is part of the libel when attached to it, and referred to therein. 5 P. 251.

The decree in this case was for more than, by the libel, it appears that there could exist a lien for. Six months work, at $40, would be $240, but he has a decree for $275.

The libel must make such a case as will give a lien; as in common law, a declaration must make out a cause of action. Dunlap's Adm. Prac. 113.

P. HAMILTON, *contra:*

The defendant in error submits, that the demurrer to the libel was properly overruled. The libel contains all the allegations necessary to show jurisdiction over the case, as well as over the subject matter; it shows the demand was for labor and materials furnished to a water craft, a schooner, within six months before suit was brought, and within the State of Alabama. Clay's Dig. 139, §§ 22, 23; ib. 537, § 5. Stewart George v. Skates et al., June Term, 1851.

A Court of Admiralty is liberal in permitting amendments. The amendment allowed in this case, was entirely within the discretion of the court to grant. Dunlap's Adm. Practice, 211.

The decree as to the amount should be sustained. The decree shows it was rendered on proof satisfactory to the court. Although a larger sum was claimed, it was properly reduced in the decree, to the amount proved to be due within the statutory limitation of six months. The labor may have been done by libellant and his servant or apprentice. This court will not presume error.

The decree against the stipulators is correct. The claimant made his claim as owner, and pleaded in exception to the libel; this exception seems to have been sustained, and leave given libellant to amend. The motion to continue the cause, was addressed to the discretion of the court, and will not here be reviewed

No answer was filed to the libel; on the facts, it was altogether undefended, but proof was made of the debt, and decree of condemnation passed against the vessel. Thereupon, on suggestion that the vessel had been delivered to the claimant on his stipulation, and that the stipulators had bound themselves for the absolute payment of such decree as might be rendered upon the libel, a personal decree against the stipulators was rendered by the court. This proceeding was formal and regular, and no injury has been done the parties in the cause. 5 Por. 251; Wainwright & Twelves v. Sanders, this term.

DARGAN, C. J.—The libel claims four hundred and fifty-six dollars, for work and labor done and performed on the

schooner Southron, and for materials furnished within six months next preceding the filing thereof. A statement of the account is annexed, which is as follows:

"The Schooner Southron and Owners,
                                                        To James O'Riley, Dr.
To eleven months and eight days work and labor
    done on board said schooner, at forty dollars
    per month,   -   -   -   -   -   -   $456 00"

The decree is for two hundred and seventy-five dollars, but the evidence upon which it was rendered, is not made part of the record.

The case standing in this condition, it is contended that the decree is for more than it should have been, according to the allegations of the libel; because, under our statutes, all liens for work and labor done upon vessels, and for materials or stores purchased, must be enforced within six months from the time such labor is performed or the goods are purchased, and if not enforced within that time, the lien is discharged; and that two hundred and forty dollars is the largest amount that could constitute a lien on a vessel for work done at forty dollars per month. I admit, that our State courts can only proceed to enforce the collection of a debt against a vessel by way of admiralty process, that constitutes a lien on the ship or vessel; and if the debt creates no lien, or if it has been lost or discharged, the court has no jurisdiction to proceed in this manner. Wainwright & Twelves v. Sanders, decided at the last term. I further admit, at least under our decisions, that we may look to the items of the account attached to the libel, to determine whether they are such as do constitute a lien on the vessel. Richardson v. Cleaveland, 5 Por. 251. But, with these admissions, I am not prepared to say, that any portion of the account does not constitute a lien on the schooner. The libel alleges, the work was done within six months from the time of filing the same, and there are no dates to the account showing when the work was done. The entire account consists of one item or charge, and that is of eleven months and eight days work done on the schooner, at forty dollars per month. This may be true, at least substantially, and still the work may have been done within six months, for it may have been done by the libellant and his servants;

and if so, the entire debt may well constitute a lien on the vessel.

The rule of law is, that error is never to be presumed, but the party complaining of it must show it. This could have been readily done in the case before us, by making the evidence part of the record, from which it would have clearly appeared whether or not the lien of any part of the account had been lost. The omission to do this, is an argument against the plaintiff in error, and rather tends to prove that the evidence would have shown that the entire debt did constitute a lien on the vessel. Be this as it may, when a party fails to except to the evidence, and thereby make it a part of the record, and relies on the items of the account attached to the libel, in order to show that the debt does not constitute a lien on the vessel, the account must clearly and conclusively show that no lien ever existed, or, if it once did, that it has been lost; and if, from the account, it can be inferred that the debt might constitute a lien on the vessel, we will not reverse the decree, on the supposition that no lien in fact existed. We would rather infer that the account was not made out with precision and accuracy, if it could be construed consistently with the libel and decree, than that the court erred upon the evidence, which is not brought before us.

Let the decree be affirmed.