## THE SCHOONER LOUISIANA *vs.* FETTYPLACE, GOODMAN & CO.

1. Justices of the peace had no admiralty jurisdiction previous to the act of 1836. (Clay's Digest, 139.)
2. The act of 1841, which was designed to remove all doubts as to the construction of the act of 1836, confers upon justices of the peace the same admiralty jurisdiction when the sum claimed is less than fifty dollars, that was given by the act of 1836 to the Circuit and County Courts when the sum claimed was over fifty dollars; and that jurisdiction is confined to demands which arise from "furnishing materials, labor or stores, for the use of any steamboat or other water-craft."
3. Debts or demands for dockage must be collected by common law process against the debtor, and not by admiralty process against the *rem,* unless such debts can be enforced against the vessels in the Admiralty Courts of the United States.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

STEWART, for plaintiff in error.

HAMILTON, *contra.*

DARGAN, C. J.—This was a libel against the schooner Louisiana, commenced before a justice of the peace, to recover the sum of forty dollars for dockage. The justice gave judgment for the libellants, from which an appeal was taken to the City Court of Mobile. The claimants there tendered a plea to the jurisdiction, but it was rejected on the ground that it came in too late. They then moved to dismiss the libel, on the ground that the court could not take jurisdiction of the cause in the manner in which it was brought before the court, but their motion was overruled, and the court proceeded to render a final decree upon the libel against the schooner; and the cause is brought before us by writ of error.

As the courts of this State have no admiralty jurisdiction,

save such as is given them by our statutes, we must look into them for a warrant to sustain the judgment that was rendered. The first statute on the subject was passed in the year 1823. That act makes all vessels built, repaired, fitted out or furnished within this State, liable for all debts contracted by reason of any work done, materials or supplies furnished by any merchant, trader, ship builder, mechanic or workman, upon or concerning the building, repairing or supplying such vessel, and gives jurisdiction to the Circuit and County Courts to enforce such debts against the vessel by way of admiralty process. Clay's Digest, 539. The next act was passed in the year 1836, which provides, that any person who shall furnish materials, labor, or stores, for the use of any steamboat, or other water-craft within the State of Alabama, on the order, or by the direction of the master, or clerk of the same, shall have a lien on such boat, for the amount of such materials, labor or stores; and also provides, that such liens may be enforced by way of admiralty process, before any court having jurisdiction of the amount thereof. Clay's Digest, 139.

Doubts, however, sprang up, whether this act extended to justices of the peace, and those doubts induced the Legislature, in 1841, to pass another act, by which it is declared, that the said act (the act of 1836) "is applicable to justices of the peace," and that justices of the peace are thereby clothed with jurisdiction in cases of libel to the amount of fifty dollars, under the usages and customs regulating proceedings by libel in courts of admiralty.

That justices of the peace had no admiralty jurisdiction previous to the act of 1836, is manifest, and it being doubted whether this act extended to them, the act of 1841 was passed, the design of which was, to remove all doubts on that subject, and to confer on justices of the peace the same admiralty jurisdiction when the sum claimed was under fifty dollars, that was given by the act of 1836 to the Circuit and County Courts when the sum claimed was over fifty dollars. It was not the intention of the Legislature, to give to our justices of the peace admiralty jurisdiction in all description of cases, but in those only, over which our Circuit and County Courts had jurisdiction under the act of 1836. We must,

therefore, look to the act of 1836, to ascertain the extent of the admiralty jurisdiction of a justice of the peace. But looking to that act, we find that the only demands mentioned in it are such as arise from furnishing materials, labor or stores; nothing whatever is said respecting demands or debts for dockage. Consequently, all debts for dockage must be collected by common law process against the debtor, and not by admiralty process against the *rem*, unless indeed such debts can be enforced against the vessels in the Admiralty Courts of the United States.

If the debt does not arise from furnishing materials, labor or stores, a justice of the peace has no authority to proceed by way of admiralty process to collect it; and as the demand in this case did not arise in either of these modes, the justice of the peace had no jurisdiction, and, therefore, the City Court had none, and should have repudiated the cause upon the motion to dismiss for want of jurisdiction.

Let the decree be reversed.