## STEAMBOAT JAMES BATTLE *vs.* WARING.

[LIBEL IN ADMIRALTY AGAINST STEAMBOAT.]

1. *Statutory lien on steamboats.*—The lien on steamboats and other vessels, given by statute in this State, (Code, § 2692,) for work done, or materials furnished, and for the wages of the officers, laborers, and crew, does not extend to a claim for money loaned to the master, to be applied by him in discharge of debts which were a statutory lien on the vessel, and which was so applied ; nor can the person who thus advances money to the master, proceed against the vessel by admiralty process under the statute, by analogy to that principle of general maritime law, which gives a lien on the vessel, not only to a person who directly furnishes necessary supplies and repairs in a for-eign port, but also to one who advances money to the master, on the credit of the vessel, in a case of necessity, to pay such furnisher.

APPEAL from the City Court of Mobile.
Tried before the Hon. HENRY CHAMBERLAIN.

THE steamboat JAMES BATTLE, of which William F. James was master, having been libeled under admiralty process at the suit of John H. Gindrat and others, Moses Waring filed his petition in court on the 28th February, 1861, asserting a lien on the vessel for the sum of two hundred and seventy dollars, the price of three hundred sacks of salt furnished by him to said steamboat, at the instance of the master, within the six months then last past. The petition alleged, 1st, that the salt was furnished, at the specified price, on the credit of the boat and her owners, and that the petitioner claimed a lien on the boat under section 2692 of the Code of Alabama; 2d, that he was entitled to a lien on the boat, for the price of the salt, by virtue of a custom of the port of Mobile; and, 3d, that the master of the boat sold the salt, and applied the proceeds of sale to the payment of certain debts which at that time were a statutory lien on the vessel, and that the petitioner thereby became entitled to a lien on the boat.

The record contains what purports to be an "agreed statement of facts", which is signed by Moses Waring and W. F. James, but is without date; and there is an admission of record in this court, signed by the counsel of both parties, "that the said statement of facts was made a part of the record, and the cause was submitted and decided on that evidence and proof of the allegations of fact contained in Waring's petition, both parties reserving the right of appeal." The statement of facts is in the following words: "On the trial of this cause, the plaintiff proved, that it had been the custom in Mobile, for many years, for dealers in salt to supply the steamboats on the Alabama river with salt, at the request of the boats, in order that the boats might make a freight thereon; that salt was a low-priced article, which the boats could readily dispose of along the river, at a sufficient price to pay the cost and freight; that it was also a part of the usual and customary course of trade, that the salt is furnished at the request of the master of the boat, and is not paid for by the boat, when sold, until the boat's return to Mobile from the trip; that the boat is at liberty, when the salt is sold, to use the money derived from the sale in paying off the hands, and other bills which,

under section 2692 of the Code, constitute a lien on the boat.  The plaintiff proved, also, that the steamboat *James Battle* was regularly enrolled, and was plying on the Mobile and Alabama rivers ; that on the 26th January, and 2d February, 1861, at the request of the master, he furnished to said steamboat —— sacks of salt, in pursuance of said custom, and with the customary understanding ; that the salt was then worth two hundred and seventy dollars ; that the boat carried it up the river, and sold it in such a way as to realize from the sale its original cost and the freight ; that the boat received the money from the sale, and applied it in paying off the hands, and other claims against the boat, which, under section 2692 of the Code, were entitled to privileged liens on the boat ; that all of said claims, so paid, were contracted within six months before that time ; and that claims similar to his had been allowed by the city court of Mobile, under chapter eight, title two, part third, of the Code of Alabama, at least as early as April, 1854."

The court allowed the plaintiff's claim, and its decree is the only matter now assigned as error.

DARGAN & TAYLOR, for appellants.
HAMILTONS & OWEN, *contra*.

R. W. WALKER, J.—The courts of this State can proceed by admiralty process to enforce the collection of such debts only as, under our statutes, constitute a lien on the vessel.  The only debts of this class are those for work done on, or materials supplied the vessel, and for the wages of the officers, laborers, and crew.—Code, § 2692.  The most favorable view, for the appellee, which can be taken of the case, is to consider him as having advanced or loaned money to the master of the boat, which the latter was at liberty to apply, and which he did apply, in paying the wages of the crew, and other debts which, under the section just referred to, constituted a lien on the vessel.  Thus considered, the debt was merely a debt for money loaned, and does not belong to either of the classes enumerated in the statute.  And as these privileged liens are *stricti juris*, and are not to be extended argumentatively to cases not

within the law which confers them, (*The Kiersage*, 2 Curtis' C. C. 421,) we can not hold that, by the transaction proved on the trial, the liens of the crew and material-men were transferred to the plaintiff.—See *Schooner Louisiana v. Fettyplace*, 21 Ala. 286; *Schooner Southron v. O'Riley*, 21 Ala. 228; *The T. P. Leathers*, 1 Newberry's Adm. 432; *Godeffroy v. Caldwell*, 2 Cal. 489.

In support of the decree of the circuit court, the appellee's counsel invokes the analogy furnished by the principle of the general maritime law, which gives a lien upon a vessel, not only to the party directly furnishing necessary supplies and repairs in a foreign port, but also to one who lends money to the master, on the credit of the vessel, in a case of necessity, to pay such furnisher. To this argument there are two answers, each of which we consider conclusive. *First*, this is a proceeding under a statute, and, in order to determine whether the debt is of the privileged class, we must look alone to the words of the statute, and not beyond them to the rules of the general maritime law; and, *second*, the analogy relied on fails in this case, because there is nothing in the statement of facts to justify the inference, that the arrangement in proof was made under the stress of any such *necessity* as, by the maritime law, is held indispensable to the creation of a lien in favor of one who lends money to the master.—See *Thomas v. Osborne*, 19 How. U. S. 22, 30-1; *Leddo v. Hughes*, 15 Ill. 41; Abbott on Shipping, 100, 107, 116, and notes.

Decree reversed, and cause remanded.