# Kansas City, Memphis & Birmingham Railroad Company *v*. Weeks.

*Action for Damages for Personal Injuries.*

1.  *Evidence; conclusion; contributory negligence.*—In an action for damages for personal injuries at a crossing, where contributory negligence is pleaded, the question, "Where was the first point at which the train could be seen on account of the bushes there at the point," is not objectionable as calling for a mere conclusion.

2.  *Appeal; error without injury.*—Error against defendant in rulings on evidence or special charges bearing solely on special counts of a complaint will not cause a reversal, where the court subsequently gave the general affirmative charge for defendant upon those counts.

3.  *Evidence; impeaching witness.*—In a personal injury case, where defendant's agent took a statement a short while after the injury from plaintiff and those who were with her when she was injured, showing that they did not stop and look and listen for trains as they approached the track; and at the trial it was claimed that said agent did not write down their statements correctly, and plaintiff and her companions all testified that they did stop and look and listen, it was competent, on cross-examination of said agent, to ask him whether he knew, at the time he took the statement,

that it was necessary for one to look and listen before going on the track.

4. *Contributory negligence; looking and listening; general charge.*—There was evidence tending to show that plaintiff, approaching in a wagon a railroad track at a public road crossing, stopped about fifty feet from the crossing to listen for trains, that she could not see along the track at that point because of bushes, which obstructed the view along the track until she was within 20 feet of the crossing, the team being in 8 or 10 feet of the track; that the approach to the crossing was steep and 20 or 25 feet long; that plaintiff stopped nearly at the foot of the approach to listen for trains, and, hearing none, drove on up the approach, and only discovered the train when the team was in the act of stepping upon the track, and that the train was then 150 or 200 feet away, and collided with her wagon before she could get it across. *Held*: That it was a question for the jury as to whether plaintiff was negligent in not stopping to look and looking at a point from which she could have seen along the track, and also whether she was negligent in not stopping to listen at a point nearer the track than fifty feet.

5. *Contributory negligence; looking and listening.*—A charge is properly refused which involves the idea that, although plaintiff stopped sufficiently near the track to listen and did listen for an approaching train, but heard none, and although she was under no duty to stop at a point from which she could see whether a train was coming, yet she would be guilty of negligence if a man of ordinary care and prudence, stopping at the point at which she stopped and listening for a train there, would have heard the approach of the train which collided with her vehicle at the crossing.

6. *Same; person in vehicle, not driving; alighting from wagon.* The failure of one in a wagon approaching a crossing, and who is not driving, to alight and go forward on foot to a point whence she could see whether a train was approaching, is not *per se* contributory negligence.

7. *New trial, when granted; contributory negligence.*—Plaintiff, with her husband and another, was approaching a public road crossing in a wagon. The husband was driving. The evidence of these three witnesses showed that the wagon was stopped and they looked and listened for an approaching train, twice before reaching the crossing, the last time about fifty feet from the track, at which point the view was obstructed. They testified that they did not see or hear the

train. At a point about 25 or 30 feet from the track there was nothing to obstruct their view. They were familiar with the crossing and its surroundings. A few days after the accident they all signed sworn statements, stating that they did not stop to look and listen before going on the track. The plaintiff testified that she knew a train was about due, and that she always heard the train at Winfield, a few miles away, whenever she paid any attention to it. Four other witnesses, who were not as near the crossing as these three, testified to hearing the train coming for a considerable distance before it reached the crossing, and to hearing the train leave Winfield, two miles from the crossing. *Held*: On motion for new trial, that a verdict for plaintiff should be set aside as contrary to the weight of the evidence, respecting the plaintiff's contributory negligence.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. E. B. ALMON.

This was an action by Martha Ann Weeks against the appellant to recover damages for personal injuries received at a public road crossing. The issues submitted to the jury were those of negligence on the part of the defendant's employes in charge of the train, and contributory negligence of the plaintiff. The evidence for the paintiff showed that the accident occurred about three o'clock in the afternoon on a cold day; that the plaintiff was riding in a wagon, drawn by two horses; that she and her husband were in front and another just behind them; and that plaintiff was familiar with the crossings and its surroundings. Plaintiff and the two who were with her in the wagon testified that they stopped the wagon and listened for approaching trains at a point about fifty yards from the track, at a point where trees and bushes obstructed the view of the track; that, hearing no train, they drove on and stopped again at the edge of the right of way about fifty feet from the track at a place where the view of the track was obstructed; that they listened there and heard no train; that they did not stop again and did not see the train until the horses were on the track; that after passing the edge

of the right of way for a distance of twenty or twenty-five feet, and for a space of twenty-five or thirty feet in width next to the track, there were no bushes, and the view along the track was unobstructed. The plaintiff testified that she always heard the train at Winfield, a few miles from the crossing, whenever she paid any attention to it, and that she knew a train was about due. Two of plaintiff's sons and a nephew and another witness testified to hearing the noise of the approaching train for a considerable distance—several miles—before it reached the crossing; and to hearing it leave Winfield, about two miles from the crossing; these witnesses were further from the crossing and from the train than plaintiff and those with her. A few days after the accident plaintiff and those with her in the wagon signed a statement and swore to it before a magistrate, that they did not stop to look and listen before going on the track. Other phases of the evidence are shown by the opinion.

Among the charges refused to the defendant were the following: (16.) "I charge you, gentlemen of the jury, that under the evidence in this case, as matter of law, the plaintiff was guilty of contributory negligence, and cannot recover in this action." (15.) "Under the evidence in this case, if you believe it, I charge you it was the duty of the plaintiff, before going on the track, to have gotten out of the wagon and gone where she could see the approaching train." (18.) "The plainti, not having been in charge of the team, as shown by the undisputed evidence, I charge you it was her duty before going upon the track, to get out of the wagon and go to a place where she could have seen the approaching train, if you believe from the evidence there was near to the crossing such a place." (29.) "If you believe the evidence, you must find for the defendant." (33.) "If you believe from the evidence that before the plaintiff went upon the track a reasonably prudent and attentive person could have heard the approach of the train, when it was three miles distant from such person, and further believe from the evidence that the plaintiff was only two miles distant from the

[Kansas City, Memphis & Birmingham Railroad Co. v. Weeks.]

train at such time and was better situated to hear such train than the person so situated, you must find for the defendant." (36.) "If you believe from the evidence that a prudent and careful man, situated as plaintiff was, would have heard the approach of the train by the noise made by it, even though you believe from the evidence that the plaintiff listened for the train and did not hear it, I charge you that the plaintiff was not guilty of contributory negligence, and your verdict must be for the defendant."

The jury rendered a verdict in favor of the plaintiff for the sum of $1,000. Defendant made a motion for a new trial upon the ground, among others, that the verdict was contrary to the weight of the evidence, which motion was overruled.

The defendant appeals, and assigns as error the several rulings referred to above.

WALER, TILLMAN, CAMPBELL & WALKER, for appellant, cited, in support of the proposition that plaintiff was guilty of contributory negligence, *S. & N. A. R. R. Co. v. Thompson*, 62 Ala. 494; *L. & N. R. R. Co. v. Crawford*, 89 Ala. 240; *Gothard v. A. G. S. R. R. Co.*, 67 Ala. 114; *Leak v. Ga. Pac. Ry. Co.*, 90 Ala. 161; *L. & N. R. R. Co. v. Webb*, 90 Ala. 185; *Ga. Pac. Ry. Co. v. Shields*, 90 Ala. 29; *L. & N. R. R. Co. v. Richards*, 100 Ala. 365; *Ga. Pac. Ry. Co. v. Lee*, 92 Ala. 262; *Linn's case*, 103 Ala. 138; *Bower's case*, 110 Ala. 328; *Spradley v. A. M. Ry. Co.*, 110 Ala. 687; *H. A. & B. Ry. Co. v. Fennell*, 111 Ala. 356; *M. & C. R. R. Co. v. Martin*, 117 Ala. 367; *H. A. & B. R. R. Co. v. Sampson*, 91 Ala. 564; *Foshee's case*, 125 Ala. 199.

The verdict was contrary to the weight of the evidence, and a new trial should be granted.—*B. R. & E. Co. v. Clay*, 108 Ala. 233; *Teague v. Bass*, 131 Ala. 422; 31 So. Rep. 4; *B. R. & E. Co. v. Owens, ante*, p. 154.

DANIEL COLLIER, *contra*, cited *G. P. R. R. Co. v. Lee*, 92 Ala. 262; *Hall v. Posey*, 79 Ala. 84; *Bates v. Hart*, 124 Ala. 427.

McCELLLAN, C. J.—The question propounded to Mrs. Weeks, as a witness in her own behalf: "Where was the first point at which the train could be seen on account of the bushes there at that point?"—was not objectionable. The office of the proposed testimony was to show how nearly the bushes about which she had testified extended along the road which she was traveling up to the track of the railway. She had already testified that an approaching train could not be seen through these bushes. Of necessary consequence a person approaching the railway would have to clear them before he could see along the track. The question was intended merely to fix this point of clearance with reference to the track—its distance from the track—and it called for no mere conclusion of the witness. It is the same character of question as that—"whether there was curve enough to prevent seeing along the track through there"—held to have been properly allowed in *Birmingham Mineral Railroad Co. v. Harris,* 98 Ala. 326, 336.

Some questions were reserved on the trial involving rulings of the trial court on proposed testimony and requests for charges bearing solely upon counts of the complaint upon which the court subsequently gave affirmative charges for the defendant. It is obvious that these rulings could not have prejudiced the defendant, the appellant here, and we will not further discuss them.

Stephens, an agent of the defendant, wrote out and had the plaintiff and the persons who were with her at the time of the injury complained of was received, to sign certain statements as to the facts of the occurrence. In these it was set down that the plaintiff and these persons, all whom were traveling in a wagon, did not stop and look and listen for trains as they approached the track. These statements were adduced in evidence. Some question was made by plaintiff as to whether they set forth the facts as given Stephens by the persons purporting to make them, especially in relation to stopping and listening for trains; and the plaintiff and the persons with her all testified on the

trial that they did stop and listen before going upon the track. Stephens was introduced by defendant to support the integrity of the statements as written out by him, and his testimony was to the effect that he set down the facts as stated to him by these parties. Clearly the bias and interest and fairness of Stephens was involved somewhat in this connection. Plaintiff's theory was that he had perverted what was told him in favor of the railroad company, and there was some evidence in support of this idea. Under these circumstances, we cannot doubt that it was competent for the plaintiff, on cross-examination of Stephens, to show by him that he was aware at the time he wrote the statement of the importance to the company of negativing therein that plaintiff and her companions stopped and listened before attempting to cross the track. The court did not err, therefore, in allowing plaintiff to ask him on cross-examination whether he "knew at that time it was necessary to look and listen before you went on the track; or persons going on the track."

On the evidence before them it was open to the jury to find that the plaintiff, approaching the railway along a public road in a two-horse wagon, stopped about fifty feet from the crossing to listen for trains, that she could not see along the track from that point because of bushes, that these bushes extended up so nearly to the track that persons in the wagon could not see along the track until they were within about twenty feet of it, the team being within eight or ten feet of the track, that the approach to the crossing was steep, the track being upon an eight foot embankment and the approach being only twenty or twenty-five feet in length, that the approach was narrow, and its sides were steep, that it was nearly at the foot of this approach that plaintiff stopped the wagon and listened for trains, that she heard no train, and thereupon drove on up the approach, and only discovered the train when the team was in the act of stepping on the track, that the train was then one hundred and fifty or two hundred feet away and collided with her wagon before she could get it across.

On this state of the case and upon the doctrine declared in *Ga. Pac. R'y Co. v. Lee,* 92 Ala. 262, 267-8, we hold that it was a question of fact for the jury whether plaintiff was negligent in not stopping *to look* and *looking* for trains after the vehicle had reached a point from which she could have seen along the track.

Nor can we affirm as matter of law, assuming, as the jury had a right to find, that plaintiff's only duty under all the circumstances was to stop near to the track and *listen* for approaching trains, that she was negligent in stopping to listen at the edge of the right of way, about fifty feet from the track, instead of coming nearer: That, too, was a question of fact for the jury, and not one of law for the court.

Several charges requested by the defendant and refused were to the effect or involved the idea that although the plaintiff stopped sufficiently near the track to listen and did listen for sounds of an approaching train, but heard none, and although she was under no duty under the particular circumstances to stop at a point from which she could see whether a train was coming, yet she would still be guilty of negligence if a man of ordinary care and prudence stopping at the point at which she stopped, and listening for a train, would have heard the approach of the train which collided with her vehicle at the crossing. These charges were essentially argumentative in character; and their obvious tendency was to gauge Mrs. Weeks' act in stopping and listening in respect of care and prudence or the reverse by its results and not by its inherent qualities, to hold her responsible not for what she did or failed to do, but for the failure of her act to accomplish its purpose, and this though the act itself was all the law required of her. The charges were properly refused.

The fact that the plaintiff was not driving the team on the occasion in question was proper for the consideration of the jury in determining upon the whole evidence whether she was wanting in due care in not alighting from the wagon and going forward on foot

to a point whence she could see whether a train was approaching; but her failure to do so cannot be affirmed as matter of law to have constituted negligence on her part. The charges requested by defendant bearing on this matter were, therefore, bad.

### RESPONSE TO APPLICATION FOR REHEARING.

The judgment in this case was affirmed originally. Upon further consideration on the application for rehearing we have reached the conclusion that the trial court erred in overruling the motion for a new trial, based on the evidence going to show plaintiff's contributory negligence.—*Railway Co. v. Clay*, 108 Ala. 233; *Teague v. Bass*, 131 Ala. 422; *Power Co. v. Owens, ante,* p. 154; 33 So. Rep. 8; *So. R'y. Co. v. Lollar, ante,* p. 375; 33 So. Rep. 32. The judgment overruling motion for new trial and the judgment for plaintiff will be reversed; a judgment will be here entered granting said motion and the cause will be remanded.