# Louisville & Nashville R. R. Co. *v.* Bryant.

*Action against a Railroad Company to recover Damages for Injury to Horse and Buggy.*

1. *Negligence; contributory negligence by person attempting to cross railroad track.*—Where a person who is driving in a vehicle, stops and listens on approaching the main track of a railroad company, and his view is obstructed by cars standing on a side track, such person cannot be said to be guilty of contributory negligence, as a matter of law, because he did not leave the vehicle and go to a point where he could see that the main track he was about to cross was clear, and in such case the question of contributory negligence is one that should be submitted to the jury.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought by the appellee, Jerry Bryant, against the Louisville & Nashville Railroad Company, to recover damages sustained by the plaintiff by reason of one of the defendant's trains coming in collision with a horse and buggy owned by the plaintiff, and which plaintiff was driving at the time of the accident complained of.

The facts of the case are sufficiently stated in the opinion.

Among the charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, was the general affirmative charge in favor of the defendant. From a judgment in favor of the plaintiff, the defendant appeals, and assigns as error the rulings of the trial court, to which exceptions were reserved.

CHARLES P. JONES and W. F. THETFORD, JR., for appellant.

WILLIS BREWER, JR., HILL, HILL & WHITING, and THOS. W. MARTIN, *contra.*—Cited *Georgia Pacific R. R. Co. v. Lee*, 92 Ala. 262, 267; also *McKay v. New York Central R. R. Co.*, 35 N. Y. 75.

. TYSON, J.—This action is for the recovery of damages suffered by plaintiff occasioned by one of defendant's passenger trains striking his horse and buggy, which he was at the time driving, at a public crossing near the city of Montgomery. The crossing was across four or five tracks which occupied a space of about fifty feet.

The evidence tended to show that when plaintiff drove up to this crossing, it was obstructed by a switch engine to which was attached some cars. This engine and cars were on the third track from him, and he stopped and waited about five minutes for them to clear the crossing. When this train cleared the crossing, it went south about fifty or sixty feet, being in the direction from which the passenger train came that struck plaintiff's horse, where it stopped. There was also on the track nearest to him, in the same direction, some cars; the second track was unoccupied. These cars and the switch engine obstructed plaintiff's view of the fourth or main track, beyond a point of some fifty or sixty feet, upon which the passenger train was being operated. The distance between the third and fourth tracks was about five feet.

Plaintiff testified that he listened before going upon the crossing and heard no sound of a train except that made by the·switch engine. There was also testimony tending to show that the bell of the passenger train was not ringing, and that no other signal was given before reaching the crossing.

As the only assignment of error insisted upon was the refusal of the general affirmative charge with hypothesis, requested by defendant, we have stated the tendencies of the evidence most favorable to plaintiff's side of the controversy. The insistence seems to be that this charge should have been given because the evidence shows that plaintiff was guilty of contributory negligence in attempting to cross the fourth track. Unless it can be

affirmed as matter of law that it was his duty to alight from his buggy and go to a point near enough to this track so as to look along and down it beyond the point where his vision was obstructed by the switch engine and the cars, the charge was properly refused. This question was fully considered in the case of *Georgia Pacific Railway Co. v. Lee*, 92 Ala. 262, upon a state of facts very similar to the one shown by this record, and it was there held that it was for the jury to determine under all the circumstances whether the driver (plaintiff here) was negligent in not looking up and down the main track before attempting to cross it. Indeed, there is no substantial difference between the facts of the two cases; and the opinion in that case is conclusive of the question presented here. See also *Kansas City M. & B. R. R. Co. v. Weeks*, 135 Ala. 620, 621; *McKay v. N. Y. Central R. R. Co.*, 35 N. Y. 75.

Affirmed.