# Birmingham Southern Railway Co. *v.* Lintner.

*Action by Husband to recover for Personal Injuries to Wife.*

1. *Personal injuries of married woman; husband entitled to recover therefor.*—Notwithstanding the provisions of the statute that "the earnings of the wife are her separate property," (Code Sec. 2531) the wife owes duties to the husband and his household just as she did at common law; and for any wrongful act by a stranger which deprives her husband of the services incident to such duties, or impairs his rights of *consortium,* depriving him of the aid and comfort of the wife's society, the husband is entitled to recover for the consequent loss and injury.

2. *Negligence; right to recover all damages resulting from wrongful act.*—One who is entitled to sue at all for the consequence of a wrongful or negligent act, may recover in the one suit all the damages that such acts have proximately inflicted upon him, and this is true, though the injuries may be diversified in character, such as personal injuries and injury to property.

3. *Same; same.*—It is no objection to a count of a complaint to recover damages for personal injuries and for injuries to property, that different evidence has to be resorted to in proof of the respective claims.

4. *Action by husband for injuries to wife; admissibility of evidence.* In an action by a husband to recover damages for the loss or impairment of his wife's services and society, in consequence of personal injuries inflicted upon her by the alleged negligence of the defendant, the extent and duration of her injuries have a direct bearing upon the extent of the plaintiff's loss, to be measured by the jury in their assessment of his damages; and evidence to the effect that the wife was still suffering from the injuries at the time of the trial, is admissible.

[Birmingham Southern Railway Co. v. Lintner.]

5. *Examination of witness to show bias within the discretion of the court.*—It is within the discretion of the trial court to allow a witness to be asked in reference to his relation of client to the attorneys for the plaintiff in the pending case for the purpose of showing bias of such witness against the defendant; and in the absence of an abuse of this discretion, the exercise thereof will not be reviewed by the appellate court,

6. *Action against railroad company for personal injuries; contributory· negligence; charge in reference thereto.*—In an action against a railroad company to recover damages for personal injuries alleged to have been caused by an engine of the defendant running against the wife of the plaintiff, where the defendant, by special plea, sets up contributory negligence of the plaintiff's wife, that she did not stop and listen before going upon defendant's track, charges requested by the defendant which proceed upon the idea that the plaintiff's wife was guilty of contributory negligence in that she *failed* to hear the train when she stopped and listened for it, are erroneous and properly refused.

7. *Action by husband for injuries to wife; when not entitled to recover for loss of services in future.*—In an action by a husband to recover damages suffered by reason of the loss or impairment of his wife's services and society, in consequence of the injuries inflicted upon her by reason of the alleged negligence of defendant, where there was evidence of such loss or impairment up to the trial and of consequent damage to the plaintiff, but there was no evidence that such deprivation would continue beyond the trial, and no data was shown by the evidence upon which the jury could assess the extent of future damages to plaintiff for future loss of his wife's services, the court should, at the request of the defendant, instruct the jury "that plaintiff cannot recover in this action for any loss of services of his wife which may occur in the future," and it is error for the court to refuse such charge.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, William Lintner, against the Birmingham Southern Railway Company, to recover damages alleged to have been caused by the negligence of the defendant in one of the engines operated on the defendant's road, running upon or against a horse and buggy which belonged to the plaintiff.

It is averred in each of the counts of the complaint that the plaintiff's wife, Clara Lintner, was in the buggy drawn by the horse, driving along a street in or near the town of Ensley, and as she drove across the track of the defendant which crossed said street, the said engine ran upon or against said horse and vehicle, and threw the plaintiff's wife from the vehicle, whereby she was severely injured in her person, and was made sick. It was then averred in each of the counts of the complaint, that as a proximate consequence of such injuries and sickness of the plaintiff's wife, "he lost the services and society of his said wife for a long time, and will likely continue to lose her said services and society for a long time, and he was put to great trouble, inconvenience and expense for medicine, medical attention, care and nursing in or about his efforts to heal and cure the said wife's said wounds, injuries and sickness."

It is further averred in each of said counts that said vehicle was broken and otherwise injured, and the harness by which the horse was attached to said vehicle was greatly injured and damaged, and the horse was injured, for all of which damages the plaintiff claims $5,000.

The defendant moved the court to strike out of each count of the complaint the portions thereof which claimed damages on account of the loss of the services and society of the wife of the plaintiff, upon the ground that the plaintiff is not entitled to the services of his wife under the laws of the State of Alabama, and that the complaint shows that he has not lost the society of his wife, because she was living at the time of the complaint. The plaintiff moved to strike from each count of the complaint that portion of each count which claimed damages on account of the trouble, inconvenience and expense incurred by the plaintiff for medicine, medical attention and nursing of his wife, upon the ground that his wife was legally liable by the laws of the State for such expenses. Each of these motions was overruled by the court, and to each of these rulings the defendant duly excepted.

The defendant then demurred to each of the counts of the complaint upon the ground that the plaintiff's

wife was at the time of the injury complained of a married woman, and entitled, under the laws of Alabama, to sue for and recover all damages which may have been sustained for the personal injuries complained of in said count, and because plaintiff's wife was liable for the expense for medical attention, care and nursing, and because the plaintiff has no claim under the laws of Alabama for the services of his wife and no legal claim upon his wife for such services, and because it was shown by the averments of the complaint that the plaintiff had not lost the comfort, companionship or services of his wife in that at the time of filing said complaint she was living.

The defendant also demurred to each of the counts of the complaint upon the ground that in each of said counts there was a misjoinder of action, in that in each of said counts the plaintiff sought to recover for the loss of the services of his wife, and also for damages for the loss, destruction and injury of personal property. The court overruled each of these demurrers to the complaint, and to each of these rulings the defendant duly excepted.

The defendant then pleaded the general issue, and by special plea set up the contributory negligence on the part of the plaintiff's wife in that she negligently drove the horse and vehicle upon the track of the defendant in front of a moving locomotive.

Plaintiff was the husband of Clara Lintner. On October 31, 1901, she had driven, in a buggy, to the place where her husband worked, to carry him to his work at the steel plant. She then started home, and in crossing the railroad of the appellant the horse and buggy were run into by an engine of the appellant on a public road crossing. The buggy was broken up and the horse slightly injured. The horse and buggy were the property of the appellee. Clara Lintner, wife of the appellee, was also injured. The extent of her injury was a disputed question. She claimed serious injury, this, however, was contradicted by the attending physician. She was in bed for a while, about one week, and testified that she had not entirely recovered at the time of the trial.

[Birmingham Southern Railway Co. v. Lintner.]

The evidence of appellee tended to show that before Clara Lintner started on the track of the appellant, she stopped and looked and listened; the evidence of appellant tended to show that she did not stop and look and listen, but that she drove straight on across the track at a fast speed, without pausing at all.

During the examination of the plaintiff's wife, as a witness, and after she had testified to having sustained serious injuries, which prevented her from attending to her household duties, and made it necessary for her husband to employ another person to do the work about the house, she was asked the following question: "Are you still suffering from the injury?" The defendant objected to this question upon the ground that if the plaintiff could recover for the services of his wife at all, it was only up to the date of the filing of the complaint. The court overruled the objection, and the defendant duly excepted.

Upon the cross-examination of Peter F. Goss, a witness for the plaintiff, he was asked by the defendant if he had not sued the Louisville & Nashville Railroad Company on account of an accident. The court sustained the plaintiff's objection to this question, and to this ruling the defendant duly excepted. Thereupon the defendant asked the witness the following question: "Mr. Harsh (the attorney for the plaintiff in the pending suit) was your attorney in that case, was he not?" The plaintiff objected to this question. The court sustained the objection and the defendant duly excepted.

The defendant requested the court, among others, to give to the jury the following written charges, and separately excepted to the court's refusal to give each of said charges as asked: C. "The court charges the jury that if they believe from the evidence that Mrs. Clara Lintner could hear ordinarily well, and that she drove up to the crossing and stopped and looked and listened before she started across, and did not hear the engine coming, and that this contributed proximately to the accident then they must find a verdict for the defendant."

[Birmingham Southern Railway Co. v. Lintner.]

13. "The court charges the jury that even if they should find a verdict for plaintiff for and on account of the loss of services of his wife, they cannot allow anything for loss of such service subsequent to the filing of the complaint in this suit."

17. "The court charges the jury that plaintiff can not recover in this action for any losses of the services of his wife which may occur in the future."

There were verdict and judgment for the plaintiff, assessing his damages at $500. · The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

A. G. & E. D. SMITH, for appellant.—Our contention is, that our married woman statutes, Sections 2520 to 2537, and especially sections 2521 and 2527 of the Code have modified the common law in this respect; that the husband's legal right to the labor, the services and the earnings of the wife, having been divested out of him by these statutes, that he cannot claim the value of such labor, services or earnings in a suit of this character. The question is an open one in Alabama, but it has been passed on by the Supreme Court of Massachusetts under statutes similar to ours.—*Harmon v. Old Colony R. R. Co.,* 30 L. R. A. 658; *Jordan v. R. R. Co.* 138 Mass. 425.

If the injury to Mrs. Lintner, resulting in damage to Mr. Lintner, and the injury to the personal property of Mr. Lintner, are separate actions, the law is well settled in Alabama that they cannot be joined in the same count of the complaint.—*R. & D. R. R. Co. v. Weems,* 97 Ala. 270; *A. G. S. R. R. Co. v. Shehan,* 22 So. Rep. 509.

· If our contention be correct, then counts 1 and 2 stated no cause of action against this defendant, because they each contained matters inconsistent with other charges in the same count—one a common law action, where the burden was on the plaintiff and one a statutory action where the burden was on the defendant.— *So. Ry. Co. v. Bunt,* 131 Ala. 591.

The 17th charge, requested by the defendant, should have been given, not only because the husband is not entitled to recover for loss of services of the wife, but also because there was no evidence whatever as to what loss of services in future would be. The law is well settled in Alabama that the jury must be furnished with data on which they can base a verdict. Mere conjecture is not enough. There must be something more.—*L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *L. & N. R. R. Co. v. Pearson*, 97 Ala. 211; *Seaboard Mfg. Co. v. Woodson*, 98 Ala. 378.

BOWMAN, HARSH & BEDDOW, *contra*.—While the law has rendered the wife capable of contracting, and has rendered her liable upon her contracts, it has not taken from the husband the duty to provide the necessaries of life for his wife, which necessaries include medical treatment, care and nursing when her condition requires it. Appellant claims that because the wife has legal capacity to make a contract for these necessaries for herself, that she then having done so might include such expense in her own recovery, and gives this as the reason why the husband cannot recover for the same. Appellant is stumbling over a stone which is not in the road, but only in the imagination; that whole question is one of evidence. If the wife has incurred the expense, she, and *she alone*, can recover for it, but the presumption is in the absence of evidence to the contrary that the husband is liable, for it is his duty to provide them. If he has provided them he, and he alone can recover for the expense.—*Tuttle v. C. R. I. & P. R. R. Co.*, 42 Ia. 520-1-2; *Wewhirter v. Hatten*, 42 Ia. 288; *Filer v. N. Y. Cent. R. R. Co.* 49 N. Y. 47; *Douglass v. Gansman*, 68 Ill. 170; *Wranksky v. The Dry Dock & E. B. R. Co.* 108 N. Y. 304; *Henry v. Keopfer*, 147 Penn. St. 179; 15 Am. & Eng. Ency. (2d ed.), p. 861, par. B.

The trial court is not bound to permit irrelevant questions, even on cross-examination; the latitude allowed in such matters being largely discretionary, and the trial court being in error only when it has abused that discretion.—*Stondenmeier v. Williamson*, 29 Ala. 558, Hd. note 1; *Noblin v. State*, 100 Ala. 14; *Rhodes Fur.*

*Co. v. Weeden & Dent,* 108 Ala. 252; *Tobias v. Treist,* 103 Ala. 670.

McCLELLAN, C. J.—"The earnings of the wife are her separate property; but she is not entitled to compensation for services rendered to or for the husband, or to or for the family."—Code, § 2521. The whole scope and purpose of this enactment manifestly is to vest in the wife her earnings in service rendered to third persons, strangers to the household. It in no degree emancipates her from her household duties, nor authorizes her to enter upon such alien service as would conflict with and prevent the performance of her duties incident to the domestic establishment, the care, comfort and convenience of the family—the duties, in short, which before the statute she owed to the husband as the husband and head of the family. These duties she owes now just as she did at the common law; and while the husband may allow her to pretermit them and engage wholly or to any less extent in outside service the earnings of which belong to her, without such emancipation by the husband she owes these services to him now as before, and for any wrongful act of a stranger which deprives him of them he is entitled to recover for the consequent loss and injury. Nor does this, or any other statute absolve the husband from the duty of caring for the wife "in sickness and in health." If she be injured in her person by the wrongful act of a stranger, a proximate, legal consequence of such injury is the expense to which the husband is put in the alleviation of her sufferings and the cure of her hurts; and such expense is a loss to the husband for which the wrong doer is answerable to him in damages.—15 Am. & Eng. Ency. Law, p. 861; *Henry and Wife v. Klopfer,* 147 Pa. St. 178; *Tuttle v. C. R. I. & P. R. R. Co.* 42 Iowa, 518; *Filer v. N. Y. C. R. R. Co.* 49 N. Y. 47; *Douglas v. Gausman,* 68 Ill. 170.

The husband also, of course, has a legal right to the society of the wife, involving all the amenities and conjugal incidents of the relation. This right of society may be invaded by an act which while leaving to the husband the presence of the wife yet incapacitates her

for the marital companionship and fellowship, and such incapacity may be deprivation of her society differing in degree only from total deprivation by her death. For such impairment, so to say, of the wife's society, of his right of *consortium*, such deprivation of the aid and comfort which the wife's society, as a thing different from mere services, is supposed to involve, he is entitled to recover.

It may be stated as a very general if not universal proposition that one who is entitled to sue at all for the consequences of a wrongful act may recover all the damages that such act has proximately inflicted upon him. His cause of action is the one wrongful act of the defendant. We know of no principal of law or decided case which requires him to split this one cause of action into two or more because the injuries he sustains may be diversified in character. To the contrary he must lay all he has suffered in one action, or failing in that he foregoes his claim for such part of the injury as he does not count upon. The alleged wrongful act complained of here inflicted damnifying injuries, that is, injuries damnifying to the husband, upon the person of his wife, and it also injured or destroyed certain property of the husband, his horse and buggy which his wife was using at the time of the alleged collision. Very clearly the claim of damages for all these injuries was properly laid in one complaint and all in each count of the complaint. The case of *Brunsdon v. Humphrey*, 14 Q. B. (L. R.) 141, relied on for appellant in this connection holds that two actions *may be* brought when the same negligent act results in injury to the person and to the property of the plaintiff, but it does not hold that damages for both the personal and property injury could not be recovered in one and the same action. To the contrary, that a recovery might be had for both in one count is apparently conceded in the opinions of both Brett, M. R., and Bowen, L. J.; and the other member of the court, Lord Chief Justice Coleridge, repudiated the opinions of both his associates, and holds that only one action could be maintained. To our minds the conclusion of Lord Coleridge is eminently correct, and our

own cases are in accord with it.—*Foster v. Napier*, 73 Ala. 595; *S. & N. Ala. R. R. Co. v. Henlien*, 56 Ala. 368; *Firemen's Ins. Co. v. Cochran*, 27 Ala. 228.

It is, of course, no objection to a count for personal injuries and for injuries to property that different evidence has to be resorted to in proof of the respective claims, any more indeed than where the claim is for injuries to two or more items of property, as a horse and a buggy and the harness attaching the one to the other. So the consideration that the burden of proof of the wrong as to personal injuries may be upon one party while as to the injury to property it may be upon the other does not enforce the conclusion that both claims cannot be laid in one count. Such a state of things could be easily accommodated in the charge of the court so as to present no difficulty in the way of a proper verdict. Hence our conclusion that the suggestion made for appellant that on the claim in this complaint which is rested on the loss of the wife's services and society, it was upon the plaintiff to prove defendant's negligence, while as to the injury to property, the fact of injury by collision with defendant's engine being shown, defendant's negligence is presumed and the burden is upon it to overturn that presumption by proof of due care and diligence, is not of importance, even assuming that the burden of proof is differently placed in respect of the two classes of injuries. But, in our opinion, this is not the legal fact—the assumption is unfounded. Under section 3443 of the Code, the presumption of defendant's negligence arose as well in respect of the injuries to the person of plaintiff's wife as in respect of the injury to his property, and that presumption obtained on the trial of his claim for damages, consequent upon the injuries to her person, for the loss of her services and society and for the expense he was put to in her care and treatment: The statute, in other words, characterizes the act as *prima facie* negligent for all the purposes of actions by whomsoever instituted for the recovery of damages proximately resulting therefrom.

Upon the theory of the case, viz., that plaintiff suffered the loss or impairment of his wife's services and

society in consequence of the injuries inflicted upon her, the extent and duration of her injuries had a direct bearing upon the extent of his loss to be measured by the jury in their assessment of his damages; and the court properly received evidence to the effect that she was still suffering from the injuries. It is quite true that the rights of action for this suffering in and of itself is by statute vested in her; but that is not to say that the husband is without redress for the damnifying collateral consequences of her hurts to him.

It will suffice to say in respect of the declination of the court to allow inquiries into the relations of client and attorney between the witness Goss and the attorneys for this plaintiff, the purpose of which was to show bias of this witness against this defendant at least cannot be affirmed to be an abuse of the court's discretion in such matters.

Charges which proceeded on the idea that Mrs. Lintner was guilty of contributory negligence in that she *failed* to hear the train when she stopped and listened for it, were properly refused.—*K. C. M. & B. R. R. Co. v. Weeks,* 135 Ala. 614, 621.

Charge 17 requested by defendant should have been given. Nothing was claimed or could be recovered for the pain and suffering and physical incapacity, past, present or future, of Mrs. Lintner herself considered as elements of damages sustained by her: recovery here could be had only for the consequential results of her injuries which inflicted damages upon the husband. In respect of her services and society and the loss or impairment thereof to her husband, he was entitled to recover to the extent of such loss or impairment in point of time and degree. There was evidence of such loss or impairment up to the trial and of the consequent damages to the plaintiff; but there was no evidence that such deprivation would continue beyond the trial, and no *data* whatever was afforded by the evidence upon which the jury could assess the extent or quantum of future damages to plaintiff from future loss of her services. Upon this state of case, the court should have instructed the jury, as requested by the defendant, "that plaintiff

[Hall v. Rising.]

cannot recover in this action for any losses of the services of his wife which may occur in the future."

Reversed and remanded.

HARALSON, DOWDELL and DENSON, JJ., concurring.