## No. 421
### IN RE DISBARMENT OF BARNES

Ohio Appeals, 9th Dist.. Cuyahoga County
No. 4684. April 26, 1923

**ERROR**—(1) Judgment against weight of evidence modified.

BY THE COURT:

(Middleton, P. J., Mauck and Sayre, JJ. 4th District, sitting.)

### EPITOMIZED DPINION

Error to Cuyahoga Common Pleas; modified

In proceedings in the lower court to disbar Louis M. Barnes from the further practice of law in Ohio, the specifications contained three charges. He was charged with embezzling money belonging to one Kronapple, a client, with converting to his own use a check issued by himself as trustee in bankruptcy of one Segal, and with misappropriation of funds received by him as trustee in bankruptcy of the estate of N. R. Wildman. Held by the Court of Appeals in modifying the judgment of disbarment.

1. The judgment of disbarment was not justified by the evidence on two of the specifications. There is no evidence that Barnes embezzled money belonging to Kronapple. The irregularity in the case of Segal was quite evidently a mistake on the part of Barnes. His action in the case of Wildman, however, was in violation of the letter and spirit of one of the most important statutes regulating administration of his trust. This was wrong and properly subjects him to discipline although no complete criminal offense may have been proven. Ordered that Barnes be suspended from the practice of law until the first day of July, 1923.

Attorneys—H. W. Ewing, for Barnes; John D. Marshall and Wm. B. Woods, contra.

## No. 422
### W. N. FERGUSON v. STATE
Ohio Appeals, 4th Dist., Pike County
No. 41. Decided April 17, 1923

**BILLS OF EXCEPTIONS**—(1) Failure to incorporate affidavits for continuance in bill of exceptions—(2) Failure to incorporate affidavits for change of venue in record—(3) Jurisdiction of court over certain crimes—(4) Verdict not against weight of evidence.

PARDEE, J.:

Ferguson was jointly indicted with one Waldo Russell, and was charged with having aided Russell in the issuing and putting forth of a certain certificate of deposilt of the Bank of Beaver in Pike County with intent to defraud the purchaser and transferee of the same and said bank. On the day of the trial the accused asked for a continuance, supported by affidavit, which motion was overruled. The accused then filed a motion supported by affidavits, for a change of venue, which motion was also overruled. Ferguson was a promotor who lived in Columbus. He entered into a scheme with one Waldo Russell, cashier of the Beaver bank, and one John Russell to procure certain money from the bank. For the purpose of financing the accused, the Beaver Bank not having money to loan him for that purpose, would take his notes for certain amounts and would issue him certificates of deposit for the same amounts. These accused would sell to other banks. This process continued for some time. Finally the certificate in question was sent to Ferguson when he knew that the bank was insolvent. The state claimed that Ferguson accepted this certificate to defraud transferee and the bank. The trial resulted in a conviction. The accused then prosecuted error, claiming that the court erred in refusing to grant a continuance, that the court erred in refusing to give the accused a change of venue, and that the evidence failed to show that the accused was guilty of any crime. In sustaining the conviction, the Court of Appeals held:

1. Affidavits used on a motion for a continuance, though copied by the clerk into the record, cannot be regarded as part of the record, and considered on proceedings in error, unless they are made part of the record by the bill of exceptions; and a failure to do so by the accused constitutes a waiver.

2. As the affidavits for a change of venue were not incorporated into the bill of exceptions, they are not proper subjects to be considered by a reviewing court.

3. On a charge aiding in the fraudulent transfer of a certificate of deposit, the place where the certificate was issued and mailed, and not the place where it was received or was to be transferred, determines the jurisdiction of the court over the accused; therefore the venue of the crime was in Pike County.

4. As the evidence discloses that the accused was a party to a common design to defraud the bank and transferees of bank certificates when the bank was insolvent to the knowledge of all the parties to the project, it cannot be said that the verdict of guilty was manifestly against the weight of evidence.

Attorneys—Hogan, Hogan & Hogan, and S. D. McLaughlin, for Ferguson; Price, Atty. Gen., and L. B. Moore, Pros., for State.

## No. 423
### JACOBSON v. CLEVELAND (City)
Ohio Appeals, 8th Dist., No. 4508
April 30, 1923
Vickery, Sullivan and Levine, JJ.

**ERROR**—Dismissal of case for, admitted.

PER CURIAM:

Error to Cleveland Municipal Court; Reversed

Upon recommendation and suggestion of the prosecuting ttorney of the Municipal Court, who stated in open court that there was prejudicial error in the sentence, the case is reversed, and remanded to the Municipal Court for further proceedings in accordance with law.

Attorneys—Jacobson, for Jacobson; W. S. Gibbons, Contra.