DeSANTIS et v BRUMBAUGH

Ohio Appeals, 5th Dist, Stark Co

No. 1048. Decided October 17, 1929

Messrs. Lynch, Day, Pontius & Lynch, Canton, for DeSantis et.

Messrs. Amerman & Mills, Canton, for Brumbaugh.

**HOUCK, J.**

In order for the Court to examine, under the law, these affidavits in support of a new trial, they must be made a part of the original bill of exceptions, or a subsequent bill of exceptions, duly certified to and signed by the trial Judge. This the record does not disclose and therefore the Court is without jurisdiction or authority to pass upon the claimed affidavits filed in support of the motion for a new trial. While they may be filed with the papers and be a part of the files, yet in order for a reviewing Court to obtain jurisdiction and pass upon such affidavits, they must be a constituent part of the bill of exceptions.

**Workmen v. Green Cab Co. 29 O. A. R. 349.**

However, passing this question, and coming to the fact as to whether or not the affidavit or affidavits filed in the Common Pleas Court in this case seeking a new trial, were and are of such a character and nature as to warrant a new trial, will say that a new trial will not be granted on a mere showing that new evidence has been discovered. Newly discovered evidence, in order to be sufficient, must furnish all of the following requirements:

1—It must be such as will probably change the result, if a new trial is granted.

2—It must have been discovered since the trial.

3—It must be such as could not have been discovered before the trial in the exercise of due diligence.

4—It must be material to the issue.

5—It must not be merely cumulative to former evidence.

6—It must not merely impeach or contradict the former evidence.

Applying these rules to the affidavits before us we must concur in the judgment of the trial Judge in overruling the motion for a new trial on the claimed ground of newly discovered evidence.

Is there prejudicial error in the record with reference to misconduct of counsel in reading a decision from an Ohio Court in the presence of the jury?

The record at page 273 discloses the following:

"Judge Pontius. Now, if the Court please, I asked the Court to instruct the jury to disregard the law read and to say to the jury that they must be guided by the law as the Court gives it to them.

THE COURT. The objection will be overruled with exceptions and let the record show that Mr. Mills adopted what he read from the book as a part of his argument."

We do not agree with counsel for plaintiff in error that the reading from a decision by counsel for defendant in error is prejudicial in the light of what the trial Judge said to the jury, and the law governing same.

**Timberman v. State, 107 OS. 266.**

As already stated, relying upon the record, we do not think that said claimed prejudicial error is of such a character or nature as to require a reversal of the judgment below. While it is not proper practice to read to the jury from decisions of

Courts, yet in order for it to be prejudicial, it must be such that a reviewing Court could say that if this had not been done, a different verdict would have been returned. but in the present case, we do not so find.

Did the trial Judge err in refusing to sustain the motion of plaintiff in error, the defendant below, for a directed verdict after the plaintiff below had rested his case, and after all of the tetsimony had been offered?

This question must be answered against the plaintiff in error and in favor of the defendant in error. Before this claimed prejudicial error should avail the record must disclose that under the facts and law that the plaintiff below failed to sustain the material allegations of his petition, and further that the law given by the trial Judge is and was erroneous and prejudicial to the rights of plaintiff in error. This we do not find.

Did the Court err in failing to charge the jury as to the law constituting a conspiracy?

An examination of the record at page 292 discloses

"THE COURT. Probably I did not cover the question of conspiracy in this case. Conspiracy means in a general way that two or more act jointly to do something. Now there is a charge of conspiracy here in fraud. If you find from the evidence that there was a conspiracy of the four, then the act of any one would be the act of all of them, or if you find from the evidence that there was a conspiracy of three, then the act of each of the three would be the act of all three of them and if you find there was a conspiracy of two, then the act of either one of the two would be the act of both of them."

On this record we must and do find against the claim of learned counsel for plaintiffs in error as to the fourth stated ground of error.

Having given this case careful and laborious consideration, we are of the unanimous opinion that no prejudicial error is contained in the record, and that the judgment of the lower Court should be affirmed.

Lemert, J. and Sherick, J, concur.