## PETRY v MUTSCHMAN

Ohio Appeals, 5th Dist, Stark Co
No 1141. Decided Feb 1931

Amerman & Mills, Alliance, for Petry.
Hart, Koehler, Blumensteil & Strong, Alliance, for Mutschman.

LEMERT, J.

Plaintiff herein now prosecutes error to this Court and relies upon the sole ground for a reversal that the Court below erred in giving certain special requests of the defendant to the Jury in the charge before argument. The special requests referred to, as shown by the record, are Nos. 3, 4 and 6.

Taking them up in their order, Request No. 3 reads as follows:

"The Court instructs you that in considering whether the defendants, in their examination, diagnosis and operation upon and treatment of plaintiff's decedent, Joseph Petry, exercised ordinary care and skill, you cannot set up a standard of your own, but must

be guided in that regard by the testimony of physicians, surgeons and dentists, and if you are unable to determine from the testimony of physicians, surgeons and dentists, introduced as experts, what constitutes ordinary care and skill under the circumstances in this case, then there is a failure of proof upon the only standard provided for your guidance and in such event the evidence is insufficient to warrant a verdict for the plaintiff."

It will be noted in the above request that the following language is used: **"You cannot set up a standard of your own, but must be guided in that regard by the testimony of physicians, surgeons and dentists."** We note that this charge limits the consideration of the Jury, on the question of negligence, to the testimony of physicians, surgeons and dentists introduced as experts. It takes away from the consideration of the Jury every other fact, circumstance, or testimony in the case, except that of such experts, and permits the profession of physicians, surgeons and dentists to fix or set up its own standard of ordinary care. This we do not believe to be the law, and such a law or rule would be strictly and squarely against public policy.

In a case recently decided by this Court, in the February Term, 1930, being the case of **Otto L. Bode vs. Royal D. Robeson,** the Court below directed a verdict and gave as one reason for so doing that no expert had said or testified that the breaking off of a certain needle by the defendant was anything' other than an accident. This Court held in that case that such ruling was error and this Court held in the same case that expert testimony is not essential in all cases to enable a Jury to determine whether physicians, surgeons or dentists have been guilty of mal-practice, and also held if violation of physician's duty to patient appears otherwise, plaintiff may refrain from calling expert witnesses.

Citing as authority for the above, we cite **24 Oh App 136.** In that same case this Court further held, as was also held in the Appellate Report just referred to, on page 140, wherein this language is found:

"It is insisted that there could properly be no verdict for the plaintiff because there was no expert evidence introduced on which such a verdict could be based. It is quite conceivable that cases arise in which the existence of expert testimony is essential to enable a Jury to determine whether the physician, surgeon or dentist has been guilty of mal-practice, but it is not true that such testimony is necessary in all cases. If a violation of defendant's duty to a patient appears, the plaintiff might certainly refrain, with safety, from calling expert witnesses."

It has further been held in **7 Abs 292,** that testimony of experts is not necessary in a mal-practice case, where there was other evidence to prove negligence on the part of the dentist, and when the Court below used the language, **"You cannot set up a standard of your own, but must be guided in that regard by the testimony of physicians, surgeons and dentists",** that proposition of law has been squarely met by the Supreme Court of Ohio, in **119 Oh St 422,** fourth paragraph of the syllabus, wherein it was held,

"Methods employed in any trade, business or profession, however long continued, cannot avail to establish as safe in law that which is dangerous in fact."

The Supreme Court of Ohio, in **119 Oh St** at page **437,** uses this language:

"The overwhelming weight of authority supports the general rule that customary methods or conduct do not furnish a test which is conclusive, or fix a standard. It is obviously a dangerous practice to permit any business, trade, or profession to fix its own standards. It is equally obvious that any court which determines the proper standard has usurped the functions of a jury."

These authorities are so numerous and so uniform that we shall not undertake to cite or discuss them further. We find and hold that the giving of Request No. 3 was erroneous and highly prejudicial to the rights of plaintiff herein.

Referring now to Request No. 4:

"I instruct you that the burden of proof is on the plaintiff to maintain all the material facts necessary to make out her case by a preponderance of the evidence. The presumption in law, in the absence of evidence to the contrary, is that the defendants and each of them were not guilty of negligence in the treatment of plaintiff's decedent, or in performing operations upon him, and unless by a preponderance of the testimony the Jury are made to believe that the defendants are guilty, as charged, the verdict of the Jury should be for the defendants."

894

The serious objection to this charge is that it states to the Jury that **there is a presumption that the defendants** were not guilty of negligence charged by the plaintiff, **which the plaintiff would be obliged to overcome by proof.** Plaintiff would therefore be obliged to introduce some proof to overcome said presumption, before proving by a preponderance of the evidence the negligence charged, and this, we believe, places too great a burden upon the plaintiff. If the foregoing is to be held to be the law, that there is such a presumption, then that casts or places an additional burden upon the plaintiff in such a case, other than or in addition to proving her case by a preponderance of the evidence. We believe that this measure of proof was made entirely too high for the plaintiff and deals only with probability, and a Jury is not required to be satisfied or **to be made to believe** that any allegation charged in the petition is true, but only weigh all the evidence and circumstances that it is probably true.

The Supreme Court in the **119 Oh St**, at page **429**, says that the presumption is in favor of the defendant at the time complained of. The Supreme Court say:

"It is more accurate to instruct the jury that no presumption of negligence is indulged from the mere fact of injury, but that the burden of proof is on the plaintiff to show by the preponderance of the evidence that she was injured by the negligence of the defendant and that such negligence occasioned her damage."

We therefore find and hold that Request No. 4 was erroneous and highly prejudicial to the rights of the plaintiff herein.

Request No. 6 in the instant case was as follows:

"A physician, surgeon or dentist, by taking charge of a case, impliedly represents that he will exercise in the treatment of such case reasonable skill and learning, but he is not liable for mistakes if he uses the method recognized and approved by those reasonably skilled in the profession. He does not undertake to insure or guarantee success. If he treats the patient with a reasonable degree of skill and care, he is not responsible for the result. The mere fact that no cure was effected or that the treatment was not successful does not create a liability or raise a presumption of want of proper care or skill. The law accords the medical practitioner the presumption that he has done his duty and the burden is on the plaintiff to prove want of reasonable care and skill of treatment and that the same was the proximate cause of the injury or death; that is to say, that the injury or death complained of resulted from want of care of skill, and a physician or surgeon or dentist is not to be judged in the light of any after acquired knowledge in relation to the case, but his negligence or want of care are to be determined by reference to what is known in relation to the case at the time and must be determined by reference to pertinent facts then in existence, of which he knew or should have known in the exercise of due care, and if the defendants in this case, in the light of known or knowable facts in existence at the time the plaintiff was being treated by the defendants, applied skill and judgment with due care, they are not liable for any damages or injuries or death to or of plaintiff's decedent consequent upon an honest mistake or an error in judgment in an operation upon or treatment of plaintiff's decedent, and if what the defendants did was done in accordance with recognized authorities and good current practice, then they performed the full measure of their duty."

It will be noted in the above request that the following language is used, **"The law accords the medical practitioner the presumption that he has done his duty and the burden is on the plaintiff to prove, etc."** This part of the charge just referred to is subject to the same objection and exception as mentioned and referred to in our discussion of Request No. 4, that in stating that the law accords the medical practitioner the presumption that he has done his duty and the burden is on the plaintiff to prove want of reasonable care and skill of treatment and that the same was the proximate cause of the injury or death, this places too high a burden upon the plaintiff and necessarily would require a sufficient amount of testimony to overcome the presumption before plaintiff establishes her case by a preponderance of the evidence. This request, we believe, was erroneous and prejudicial to the rights of plaintiff in error.

The fact that the Court may have properly charged the Jury in some other part

of his charge is not sufficient to relieve the charge from error, because the Jury may follow either instruction and it could not be known which one they did actually follow.

The Supreme Court of Ohio, in **114 Oh St 299**, says at page **301**:

"We are of the opinion that no matter how carefully the Court may have stated the proper rule in other portions of the charge, the erroneous instruction upon a question, so vitally effecting the defense, must not be corrected without specific reference to the erroneous statement, warning the Jury against following the same. It has been repeatedly declared by this Court that where the Court states a correct rule and in another portion of the charge states an incorrect rule upon the same subject and nothing further is stated to indicate to the Jury which rule is to be followed and there is nothing in the verdict of the Jury to indicate which rule was in fact followed, no presumption arises that they have followed the correct rule and the error will therefore be deemed to be prejudicial and the verdict and judgment will therefore be reversed."

The rule has been declared and followed in many jurisdictions and by the Supreme Court of Ohio in **108 Oh St** page **8**; **114 Oh St 299**.

It therefore follows in this case that we find that error has intervened to the prejudice of the rights of plaintiff in error and this judgment is reversed for the reasons hereinbefore given, and said cause is remanded to the Court of Common Pleas for further proceedings according to law.

Sherick, J, and Montgomery, J, concur.