## HODGE v WEED, Exrx et

Ohio Appeals, 4th Dist, Meigs Co

Decided March 14, 1932

MIDDLETON, J.

While the evidence is not definite on some of the facts involved there is sufficient evidence to support the verdict and to prevent any interference on that ground with the judgment which followed the verdict. The jury had the legal right to determine as between Hodge, testifying for himself, and the plaintiff's witnesses Stewart and Swift as to what was the truth in respect to the statements made by Hodge. They evidently decided in favor of the testimony of the two witnesses named and their action is final and a reviewing court would not be warranted in interfering with it.

Some complaint is made in respect to the refusal of the trial court to permit Hodge to testify fully as to what occurred prior to to the death of Caroline Weed. This contention is made on the theory that the suit is an action under favor of §10673 GC. It is not, however, an action of that character but merely one at common law for money as damages. The court ruled properly in confining the witness to matters only that had occurred subsequent to the death of the testatrix.

Some complaint is further made as to the competency of certain records claimed to have been the records of the testatrix, including a bank book. These records were identified as the records of the testatrix, and while there may have been certain entries made therein which were not in the handwriting of the deceased that was a fact for the jury to determine, going only to the weight they would give the records as a whole.

The motion for a new trial was supported by affidavits which were not made a part of the record by being incorporated in the bill of exceptions. It follows that the affidavits may not be considered by a reviewing court in passing upon the action of the trial court on the motion for a new trial. **1 Ohio Jurisprudence, page 604.**

We find no error in the record and the judgment is affirmed.

MAUCK, PJ, and BLOSSER, J, concur.

A. D. Russell, Pomeroy, for plaintiff in error.

Henry W. Cherrington, Gallipolis, and O. H. Stewart, Pomeroy, for defendant in error.