## KING v EDWARDS

Ohio Appeals, 5th Dist, Stark Co

No 1288. Decided Oct 13, 1932

**LEMERT, J.**

The petition in error contains many grounds of error, but for the purpose of this opinion the same may be reduced to about six grounds, which will be hereinafter named, as the other grounds of error were abandoned in oral argument and in brief. The record in this case is voluminous, and exhaustive and well prepared briefs have been presented to the court, which have greatly aided us in what we believe to be the proper determination of the case before us.

The principal contentions made by the defendant are: 1st, that the verdict of the jury is against the manifest weight of the evidence; 2nd, that the verdict was excessive; 3rd, improper admission of evidence; 4th, misconduct of a juror; 5th, that the court should have taken from the jury consideration of alleged negligence of Dr. Buchman; 6th, error on the part of the court in giving plaintiff's requests to charge before argument, and for error in the general charge of the court.

On the first and second contentions made, to-wit: that the verdict is against the manifest weight of the evidence and that the verdict was excessive, we do not agree with either contention and on examination of the record before us, we are fully convinced that the verdict of the jury is sustained by the evidence in the case and that the verdict of the jury is not excessive.

On the third contention, that is, the improper admission of evidence, it is contended by the defendant that the court improperly permitted plaintiff to interrogate Dr. Swenson concerning a urinary fistula, as described in a certain medical work known as Anspach on Gynecology. From an examination of the record at page 328 and following pages, we find what we believe was a proper foundation for the introduction of this evidence, when we note from Dr. Buchman's testimony that the defendant destroyed plaintiff's wife's uretha by lacerating same. Before the offer to introduce this testimony, we find that the testimony of plaintiff's wife and Dr. Buchman was undisputed that the defendant tore through the flesh between the vagina and the uretha for the distance of approximately an inch. The testimony in the record then disclosed that as a result of the defendant's act, Mrs. Edwards had no control of her urine; while it is true that Dr. Buchman refused to admit that this laceration was a fistula and the record discloses that he had testified that there was no fistula.

Webster's New Standard International Dictionary defines a fistula medically to be: "An abnormal opening into a normal canal or organ. An abnormal passage between an internal cavity and another cavity or the surface."

The witness Dr. Swenson approved and subscribed to Anspach in detail, wherein it

was held that incontinence of a uretharal fistula is constant. Since the evidence of Mrs. Edwards was already in the record in this case, we believe it was right and proper to offer this evidence in rebuttal to Dr. Buchman's claim, and to urge and argue that because Mrs. Edwards was incontinent, she therefore had a urinary fistula, brought about by the destruction of her urethra.

On the fourth claimed ground of error, to-wit: misconduct of a juror, there is nothing in the bill of exceptions to enable the court to pass on this question. We believe the rule to be that questions of fact raised on the motion for a new trial must appear from the bill of exceptions. The bill of exceptions must show the evidence that was introduced upon a motion for a new trial, in order to have the action of the court in overruling the motion to review. Such a bill of exceptions must contain all the evidence that was produced and offered upon that motion. To have an affidavit offered in support of a motion for a new trial, available for the consideration of a reviewing court, it is necessary to have it attached to and made a part of the bill of exceptions.

On the fifth ground of error, to-wit: that the court should have taken from the jury consideration of alleged negligence of Dr. Buchman, we have to say that the record discloses that the wife of the plaintiff, to-wit: Mrs. Edwards, employed Dr. King to perform a slight operation on her personal parts. She did not employ either Dr. King or Dr. Buchman to perform a major operation upon her urethra, and when the defendant and Dr. Buchman agreed between themselves to perform a major operation upon the unconscious Mrs. Edwards, and without her knowledge and consent, unless her life was at stake they both became liable in damages as a matter of law. We note that the testimony of the defendant and Dr. Buchman was to the effect that they agreed that Mrs. Edwards should be taken to the hospital for further treatment. After this agreement Dr. Buchman returned to his office to attend to his practice. After that he made another call. Upon going to the hospital he visited Mrs. Edwards' room and observed and found that she was in very good condition. It is evident from the foregoing that there was no life and death emergency, requiring the performance of the second operation by Dr. Buchman with the assistance of the defendant, without the knowledge and consent of Mrs. Edwards.

Without discussing the great volume of testimony that bears an important part in this case, suffice it to say that we may come directly to the real issue in the case, that is, proximate cause. In this connection we might say, if Dr. Buchman was not negligent and the defendant was, the defendant was nevertheless responsible for Dr. Buchman on the basis of proximate causation. If defendant was not negligent and Dr. Buchman was, defendant would be liable for Dr. Buchman's negligence because the undisputed evidence discloses that Dr. Buchman's operation was performed as a result of defendant's employment of Dr. Buchman and on his own behalf. Even though defendant was not himself technically negligent in Dr. Buchman's operation on Mrs. Edwards and Dr. Buchman was negligent, Dr. Buchman's negligence was the negligence of the defendant for the reason that they agreed upon and were parties to an operation upon Mrs. Edwards different from the one she had engaged defendant to perform, without her knowledge and consent and while she was unconscious.

On the sixth claimed ground of error, that the court erred in giving plaintiff's written requests to charge before argument, the first special request given by the court on behalf of plaintiff was as follows:

"There has been certain medical testimony introduced on behalf of the defendant in this case to the effect that the method used by him in dilatating the hymen of Mrs. Edwards was in conformity with good usage and practice in the medical profession. I will say to you as a matter of law that while such usage and practice is a proper matter to be considered by you and weighed with the other circumstances in the case in determining whether or not the defendant used ordinary care in his operation on Mrs. Edwards, nevertheless the fact that the defendant may have used a method customary in the medical profession does not furnish a test which is conclusive or controlling on the question of negligence, or fixing a standard by which the defendant's conduct is to be gauged. It is your duty to arrive at a conclusion on the question as to whether or not the defendant was negligent in this case from all the facts and circumstances involved therein."

Defendant makes the claim that this charge is erroneous because good usage and practice in the medical profession is the absolute test of liability and must be so credited by the jury, if they believe the

evidence to that effect, and further claim that if the method used by the defendant was in conformity with good usage and practice, he could not be found guilty of negligence. This request, no doubt, was based upon the law as laid down in the first and second paragraphs of the case of **Ault v Hall, 119 Oh St, page 422.** We note, however, that the third paragraph of the syllabus of this same case definitely holds that customary methods or conduct do not furnish a test which is conclusive or controlling on the question of negligence, or fixing a standard by which negligence is to be gauged.

In the case of **Petry v Mutchman,** a case decided by this court sometime ago and reported in **9 Abs 391,** this court held that:

"Good usage or practice does not establish the test or standard in and of itself."

We are therefore of the opinion that the holding of the court below was right and proper in the giving of said request at the plaintiff's request.

Request No. 2 was as follows:

"Even though you find from the evidence that when the defendant operated upon plaintiff's wife he used a customary method in use in the medical profession for such operations, if you further find by a preponderance of the evidence that he was negligent in the manner in which he used such method, and that such negligence was the proximate cause of any injuries the wife of plaintiff may have sustained, the plaintiff is entitled to a verdict at your hands."

Defendant contends that the court in giving this request did not distinguish between injury to the wife which might affect her alone, from such injury as might affect the husband's consortium. We believe that any injury sustained by the wife as the proximate result of defendant's negligence would and did materially infringe upon plaintiff's right of consortium. If plaintiff's wife was not injured, plaintiff's right of consortium was not infringed. The more she was injured the more it was infringed.

On the seventh and last claimed ground of error, to-wit: that the court erred in its general charge to the jury, the claim is made that the general charge of the court did not define the issues as required by law. We observe that the court, on behalf of the defendant, gave five specific requests before argument. A reference to these special requests discloses that the same were full and complete and fully covered the issues in the case. It is apparent from a consideration of these special requests and the entire charge of the court that the jury was fully and properly advised on the issues before them, taking the special requests and the general charge together as constituting the whole charge, as the Supreme Court has recently said should be done, as laid down in the **120th Oh St, 400** to **406.** So, from a careful review and examination of the whole of the record in this case, we are unable to say that any error intervened in the court below to the prejudice of the defendant.

It therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.