J. H. Zinner, Cleveland, for defendant in error.

MAUCK, PJ, and MIDDLETON, J, (4th Dist), and WILLIAMS, J, (6th Dist) sitting.

**ORTMAN, Exr v ORTMAN et**

Ohio Appeals, 2nd Dist, Fayette Co

No 215.  Decided April 18, 1934

E. L. Bush, Washington C. H., for plaintiff.

Knepper, White, Smith & Dempsey, Columbus, and W. S. Paxon, Washington C. H., for defendant.

SHERICK, J, (5th Dist) sitting by designation.

**OPINION**

By BARNES, J.

It is our conclusion that the trial court was not in error in overruling this motion. The obligation was upon the plaintiff to allege and prove that any services rendered by them was under a promise to pay or such circumstances as would imply such promise. In the absence of such showing the inference might arise that the services were rendered voluntarily.

The fact that the contract could not be specifically enforced under the statute of frauds would not make it objectionable in an action upon quantum meruit. The rule is well recognized that where one received services or anything of value in return for a promised consideration which can not be enforced under the statute of frauds, there is always the remedy on a quantum meruit. The plaintiffs would have no other means of showing that the services were not rendered voluntarily except the contract.

We find no error in overruling the motion to strike.

As a second ground discussed in the brief, it is claimed that there was error in the admission and rejection of evidence.

We have examined the record with care and find no prejudicial error in the admission or rejection of evidence.

The incident relative to the automobile was only a narrative of a historical fact which would be of no particular aid or prejudice to either side.

The testimony of witness, Harper, relative to certain admissions made by the decedent, we think was proper as bearing upon his condition of health. The evidence relative to the re-roofing the barn is not prejudicial since the witness stated to the jury that he did not see Alva Ortman during the work, although it was done during the time that he lived on the premises.

The inquiry of witness, Kramer, as to what he had heard Mr. Ortman say on a certain occasion was properly rejected in view of the fact that the witness had stated that he could not tell who the parties were.

Counsel for defendant makes no profert of proof and for that reason if none other, the alleged error can not be considered.

A proffered check for $50.00 dated June 23, 1931, was offered in evidence and its admission rejected. There was no identification of this check except as to the signature of the decedent. It bore date some eight months after the plaintiffs had moved away and at a time when they were occupying the 65 acre tract under a contract of lease.

In the absence of some showing that this check was in payment of some obligation arising during the period of service, there would be no error in the trial court's rejection of this proffered evidence.

Objection is also made that the first will of Alfred P. Ortman was improperly admitted in evidence. It is our conclusion that the fact that this will was in the possession of the plaintiff is corroborative of the alleged contract.

There was no error in its admission. The cases of **McNeil v Pierce, 73 Oh St, page 7,** and **Fell v Carter, 16 C.C. (N.S.) 241** are not in point. The record discloses that the trial court at the time the will was introduced correctly explained to the jury the limited purpose for which it might be considered.

A further ground of error relates to the general charge of the court.

The principal objection as to the court's charge revolves around the oral contract and other references to the will. Many of the principles have already been discussed on motion to strike.

The court instructed the jury that the evidence relative to oral contract and the agreement to execute will was limited to the issue as to whether or not there was a

promise to pay. The jury were instructed that they could not return a verdict upon the basis of what they would receive under the will but only the basis of what the services were reasonably worth. The following cases are in point:

Towsley v Moore, 30 Oh St, 184.

R. R. Co. v Gafney, 65 Oh St, 104.

Walter, Admr. v Heide, 1 Oh Ap, 66.

Ortman v Ortman, 45 Oh Ap, 557 (14 Abs 502).

Counsel for defendant claims that the trial court overemphasized the matters of the contract and will and understated the fact that the jury were limited to reasonable value of services.

A reviewing court is never able to say just what instruction of the court may make the deepest impression on the minds of the jury. We must assume that the jury correctly interprets the plain language of the court's charge.

Counsel always have the right to frame a special instruction to be given to the jury before argument where it is believed that such instruction would be helpful.

There is also the obligation upon counsel whenever they think that the jury is not adequately instructed upon any particular phase of the case to make request to the court that further instruction be given. Counsel can not sit by and in a reviewing court for the first time raise a question of this character if there is contained in the charge a correct statement of the law. We find no error in the charge of the court.

The further question is raised that the verdict is not sustained by evidence.

The record will disclose that neither side introduced any evidence as to what would be the reasonable value of the services claimed to be performed. The Supreme Court in this state has announced that it is not necessary to present such evidence. Hossler, Exr. v Trump, 62 Oh St, 139. Also find the same principle in MacIntyre v Garlic, 8 C.C. 416.

It is further claimed that the amount of the verdict is excessive and on this proposition, we find with the plaintiff in error.

The basis of plaintiffs' claim was 125 weeks and a total charge of $2600.00 and interest. In addition to this the plaintiffs and their family consisting of five children had the home free of rent. The decedent supplied the groceries and other necessi-

ties for the family. Also school books, clothing and all supplies and furnishings for the home. In addition, purchased an automobile for use of the family, although the title remained in Alfred. The decedent also paid board for the oldest daughter while she was attending high school in Washington Court House, gave a $100 to the plaintiff on his trip to France with the American Legion Band, provided money weekly to be sent to the oldest daughter while she was in Chicago and for some time before she secured employment. On the other side we find that when plaintiffs moved in the home the house and grounds surrounding were in a very bad condition. Everything was out of repair. The house was dirty and the surroundings very untidy.

The plaintiff, Josephine, was a splendid housekeeper. After their arrival everything was cleaned and painted up. The barn and other buildings were repaired. All money outlay was paid by Alfred, but the plaintiffs performed the work and we think did it well. The evidence presented indicated that Alfred had kidney and bowel trouble and due to this at times soiled his clothing. On occasions the plaintiff, Alva, had to clean him up and the wife, Josephine, had to wash his clothing. While Alfred had a room in the house he would not sleep in a bed. He used the couch in the living room and did not take off his clothing and would frequently sleep with his shoes no. This situation would present a condition much more trying than an ordinary roomer and boarder in the house. Services of this character would require a much higher recompense. We have examined the record with great care in an effort to have a full understanding as to just what the evidence established on the question of services and their nature. We are not able to say that the verdict was animated by passion or prejudice, but do think the amount is excessive.

If the plaintiff will consent to a remittitur of $600.00 and interest thereon so that the amount of judgment would be $2000.00 plus interest on same basis as in court below, the judgment will be affirmed. Otherwise, motion for new trial will be sustained Entry may be drawn accordingly.

HORNBECK, PJ, and SHERICK, J, concur.