## CURRY v BOARD OF COUNTY COMMISSIONERS

Ohio Appeals, 2nd Dist, Franklin Co

No 2924.  Decided October 11th, 1938

Robert M. Draper, Columbus, for plaintiff-appellee.

Ralph J. Bartlett, Prosecuting Attorney, Columbus; David B. Sharp Asst. Pros. Atty., Columbus, Robert P. Barnhart, Asst. Pros. Atty., Columbus, for defendants-appellants.

## OPINION

### By BARNES, PJ.

The above-entitled cause is now being determined as an error proceeding by virtue of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff's action was for damages alleged to have been sustained by reason of a public highway located in Franklin County, Ohio, being out of repair. Specifically it was claimed that on or before August 17, 1934, servants and employees of contractor were resurfacing a public road with tar or other like substance, over which was later placed sand, stone or gravel. That on the morning of August 17, 1934, plaintiff's auto

truck, driven by his son, and in which auto truck, as a guest passenger was plaintiff's wife and a small child, was operated on said highway in a contemplated trip to Columbus. Also in the car were farm products owned by the plaintiff, which were being taken into Columbus for sale. Claim is further made that on this morning tar had been placed on the north half of a section of this road, which made the road slippery and dangerous. That no signs or warning were placed along the road, advising travelers of the condition. That the driver of the auto truck did not know that tar was being placed on the road until he was in it, and then before he could extricate himself from the dangerous condition, the car skidded to the south side of the road, overturned in the ditch, damaging the car and severely injuring plaintiff's wife.

The specific damages claimed were $26.45 for damages to the truck, medical, hospital, nursing and other expenses in connection with plaintiff's wife's injuries in the amount of $39.00, and for being deprived of the society, companionship and consortium and services of his wife, the sum of $5000.00.

Defendant's answer, after admitting a number of allegations of the petition, denied any negligence on the part of the Board of County Commissioners, and further stated that signs about 21 to 25 inches in size and having printed thereon, in large red letters, "Fresh tar, travel at your own risk," were placed at both the east and west terminus of the treated portion of said highway. The answer further raises the issue that plaintiff's son and agent saw or, in the exercise of ordinary care, could have seen the treated portion of said highway before driving thereon, and therefore was guilty of contributory negligence which should bar plaintiff's recovery.

Plaintiff's reply was a denial of new matter in answer.

In the trial in the Common Pleas Court a verdict was returned for the plaintiff in the sum of $1000.00. Within statutory time motion for new trial was filed, which motion was overruled and judgment entered on the verdict.

Defendant then filed notice of appeal on questions of law.

Defendant's assignments of errors are as follows:

"1. The court erred in overruling the motion of the defendant for a directed verdict in its favor at the close of the plaintiff's evidence.

2. The court erred in overruling the motion of the defendant for a directed verdict in its favor at the conclusion of all the evidence.

3. The court erred in overruling the motion of the defendant for a new trial.

4. The judgment of the court was contrary to law."

Counsel for appellant, in their brief, urge that the evidence establishes that the driver of the auto truck, plaintiff's son, was the agent of the plaintiff. Agency is not admitted by counsel for plaintiff. We think the evidence establishes agency, since the plaintiff's son, an employee of plaintiff at the dairy farm, also drove the auto truck, and on the day in question was taking some of the plaintiff's products into Columbus.

It is next contended that plaintiff's agent, his son, was guilty of contributory negligence in driving onto this treated portion of the highway, when he saw or, in the exercise of ordinary care, could have seen the dangerous condition of which he complained.

Plaintiff meets this issue through the testimony of the son in his statement that on this morning in question there was a mist or heavy dew and that the road was damp or wet, and that he mistook the treated portion of the highway for a condition created by heavy dew or mist and did not think he was running into tar until he got into it. Evidence was also presented as to the presence of warning road signs.

There was conflict in the testimony in behalf of the respective parties on the question of road signs. We hold that the jury would be warranted in concluding road signs were not present at the time of the accident, but were placed there later. We also conclude that the question of contributory negligence was a question for the determination of the jury, and having returned a verdict in favor of the plaintiff, we do not think the state of the record is such as to require a reversal on this issue.

One of the grounds set forth in the motion for new trial is that the damages allowed in the verdict were excessive, and this question presents to us a more serious problem. The damage claimed to the auto truck in the sum of $26.45 and also the expense paid out in sum of $39.00 for medical, hospital, nursing and other expenses in connection with plaintiff's wife's injuries are adequately established under the evidence.

The wife had a seriously injury and was confined to her bed for a period of one month. It was stipulated that Dr. Fulton

who had an x-ray taken of Mrs. Curry's back, discloses that she suffered a fracture of the transverse process of the right side of the third lumbar vertebrae. For a period of more than a year she was unable to perform the duties in and about the household as she did formerly, although during a portion of the time she did a part of the household work. At the time of the trial it was stated that she was not able or had not done anything in the care of the garden, as was her former custom, nor was she able to do the amount of milking that she had previously done. Plaintiff admitted in his cross-examination that he had not hired any extra help, and that the services not performed by the wife as formerly, were done by the plaintiff and other members of the household without any money outlay.

The Supreme Court of Ohio, in the case of Smith v Nicholas Building Company, 93 Oh St, 101, has determined that in an action of this character a wife has no right of action against a person for the loss of the consortium of her husband caused by personal injuries sustained by him through the negligence of such persons. We see no reason why the same rule would not apply to a husband. The weight of authority supports the above rule in other jurisdictions. 5 A. L. R., 1050, and note.

The cases of Spinell v Shaweker, 11 Abs 789 and King v Edwards, 13 Abs 424, lean to the theory that a husband may recover for the loss of consortium and companionship. The Supreme Court of Ohio having spoken, we feel that under the rule of stare decisis we should follow that announcement.

Furthermore, we think as a matter of principle plaintiff may not recover for services gratuitously rendered, for the reason that in actions of this character a husband's damages for injuries to his wife are confined to special damages or money outlay. We are unable to find any Ohio cases, nor are any cited in briefs of plaintiff on this question, but the Supreme Court of Michigan has expressly decided, in the case of Laskowski v Peoples Ice Company, 160 N. W., 940, (2 A. L. R. (Michigan) 586), as follows:

"Husband can not recover against one responsible for injuries to his wife for the value of services gratuitously rendered, nor for services performed by his daughter without promise of compensation."

"Another serious infirmity in this phase of plaintiff's case is that he offers no evidence whatever of the depreciated value of his wife's services.

We find the following from Schaupp v Turner, 175 N. Y. S., 132:

"Husband must present evidence of value of loss of services."

We also quote from the case of Hanna v Stoll, 112 Oh St, 344, second syllabus:

"Where impairment of earning capacity is pleaded as special damages, it is essential that evidence be adduced from which an estimate thereof may be made by the jury, and in the absence of any evidence upon the subject, it can not properly be submitted to the jury as an element of damages."

While the case last above referred to was an action for personal injuries on the part of the person injured and an attempt therein to include damages for impairment of earning capacity, in the instant case the action is for loss of services of plaintiff's wife; we are unable to see any distinction in principle. In other words, we think in both instances there should be evidence presented and not left for the jury to guess.

There being no evidence on the question of value of loss of services, we think it follows that the verdict is excessive and under the state of the record should be confined to the special damages proven in the sum of $65.45.

If plaintiff will remit all damages other than the sum of $65.45, plus interest on this amount and costs, defendant's appeal will be dismissed and judgment will be entered for the above stated amount. Otherwise, defendant's appeal will be sustained, judgment reversed and the cause remanded for new trial.

Entry may be drawn accordingly.

HORNBECK & GEIGER, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided on November 9th, 1938

The above-entitled cause is now being determined on plaintiff-appellee's application for rehearing. Plaintiff in connection with his application submits memorandum with authorities.

The first ground of complaint as contained in the application states that the court entirely ignored as an element of damages the expenses reasonably to be in-

curred in the future. The case of **Cable Company v Skeen (Summit County Court of Appeals) 15 Abs 464, is cited.** The 4th syllabus reads as follows:

"4. A husband entitled to recover damages for loss of services of his wife and expenses is entitled to recover not only for the loss and expense already incurred, but also for loss and expense as with reasonable certainty will be incurred in the future."

The cited case is to be distinguished from the instant case in that in **Cable Company v Skeen,** the plaintiff, through his petition, raised the question of loss and expense to be incurred in the future, whereas in the case at bar the petition contains no such allegation. Neither was this issue presented through the evidence, nor did the trial court in its charge to the jury give any instructions as to future loss and expenses. The complaint is not well founded under the state of the record.

The second complaint takes exception to the court's pronouncement to recover for loss of consortium. We are referred to **O. Jur., Volume 21 (Husband and Wife) §8, page 337.** This subject is further discussed in §§9 and 10. The text if standing alone would leave considerable doubt as to the proper rule. However, Note 6 of Section 8, makes reference to the case of **Smith v Nicholas Building Company, 93 Oh St 101.** This is the case discussed as length in our original opinion wherein we held that the loss of consortium in a personal injury action is not an element of damage. We still adhere to our original opinion.

The third complaint refers to our observation in original opinion that plaintiff presented no evidence of the depreciated value of his wife's services. The case of **Ortman v Ortman (Fayette County Court of Appeals) 17 Abs 525,** is referred to wherein our court held in an action upon quantum meruit it is not necessary to introduce evidence of the reasonable value of services if they are such as would be within the understanding of the jury. Also see **Hossler, Executor v Trump, 62 Oh St, 139.**

We still adhere to the pronouncement as made in the Ortman case, and the principle would be applicable in the case at bar if evidence had been presented upon which the court might say that the reasonable value of the services were such as would be within the understanding of the jury. However, a further element entered into the instant case through the record's dis-closing that the plaintiff and other members of the household took over the work formerly done by the wife without any additional expense or money outlay. This situation would preclude the presentation of any evidence of the value of the loss of services. The most frequent instances where evidence of the value of the loss of services is properly presented are where the wife before her injury was in addition to her ordinary household duties engaged in some productive work which either actually brought money to the husband or diminished his money outlay for the maintenance of the household. Under such a situation with detailed facts presented, the case might be so developed that the reasonable value of the services would be within the knowledge of the jury and evidence of value not required. However, in the instant case no detail whatever was presented. There was the very general statement that she took care of the chickens, but the evidence is silent as to whether it was two or two hundred. There is nothing at all as to the age or kind or what amount of attention was given; the same is true as to the garden. The only statement in the evidence is she helped in the gardening, but no other details. She also helped with the milking. There is no evidence as to the number of cows or how many she milked. Under this state of record the jury could do nothing more than guess. The purpose of these observations is none other than to clarify the observations made in our recent opinion. This question becomes of little importance since it is disclosed that the work formerly done by the wife was gratuitously performed by members of the household.

The application for rehearing is overruled.

BARNES, PJ, HORNBECK & GEIGER, JJ, concur.