**CELINA MUTUAL CASUALTY COMPANY, a Corporation, et, Plaintiffs-Appellants, v. FRALEY, a Minor et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5454. Decided April 23, 1957.

Burchfield & Smith, James R. Burchfield, of Counsel, Columbus, for plaintiffs-appellants.

H. Alfred Glascor, Columbus, for defendants-appellees.

(HORNBECK, PJ, of the Second District, sitting by designation in Tenth District.)

## OPINION

By HORNBECK, PJ.

Plaintiffs appeal from a judgment in favor of Glen Fraley, a minor, defendant-appellee. The action was on behalf of the Casualty Company, subrogee of Paul W. Green, in the sum of $274.03, who was insured with the company. Green's cause of action for damages was predicated upon negligence asserted against defendant, Glen Fraley, in the operation of an automobile causing a truck to collide with the parked automobile of plaintiff Green, resulting in property damage, over all, in the amount of $374.03. The case was submitted on issues between plain-

tiff and Glen Fraley to a judge without a jury who made a finding and entered judgment for the minor defendant.

Two errors are assigned:

1. The verdict and judgment is contrary to law and against the weight of evidence.

2. The court erred in overruling the plaintiffs-appellants' motion for a new trial based on newly discovered evidence.

An examination of the record discloses that upon the issue drawn by the pleadings and the evidence adduced on trial, there was sufficient support for the verdict. The jury, as the trier of the facts, acted well within its province in accepting the testimony on behalf of the defendant minor and if it were true, he was entitled to the verdict.

We do not find the first error assigned well made.

Upon the second assignment of error, we must hold against the appellants for two reasons. First, unfortunately, we may not consider the affidavit of Ishmael Ross, driver of the truck which struck the automobile of plaintiff Green, because it is not carried into the bill of exceptions. **DeSantis v. Brumbaugh, 7 Abs 711:**

"To be considered by the court of appeals, affidavits filed in support of motion for new trial on ground of newly discovered evidence, * * *, must be made a part of original or subsequent bill of exceptions duly certified and signed by the trial judge."

Other cases to like effect are: **Koury v. Ferris, 9 Abs 402; Ferguson v. State, 1 Abs 410; Willett v. N. Y. Central Rd. Co., 73 Oh Ap 59; Riebel v. Hunt, 44 Oh Ap 299; King v. Edwards, 13 Abs 424; Hodge v. Weed, 12 Abs 591.**

If the facts set forth in the motion for new trial and memorandum in support thereof could be considered, they disclose that the evidence of Ross is newly discovered; that it was material to the issues and that it was of such character as that, if accepted, in probability, it would change the result of the trial, if a new trial were granted. But there is no proof which establishes due diligence on the part of the plaintiffs to secure the testimony of Ross at the first trial. The memorandum sets forth conclusions that plaintiffs prior to trial had conducted most diligent search to find Ross and learned that he had gone to the State of West Virginia and later located him in Delaware County but at no place is there any statement of what steps were actually taken to locate or contact Ross.

Upon the state of the record, the second assignment of error is not exemplified.

Neither error assigned having been established, the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.